LEWIS (OLSHAUSEN v.). See Case No. 10,-507.

## Case No. 8,329.

**LEWIS v. OREGON CENTRAL R. CO.**

[12 Chi. Leg. News, 1; 8 Reporter, 358.[1]]

Circuit Court, D. Oregon. 1879.

DEMURRER—EASEMENT.

1. A demurrer does not lie to a part of a plea or defense, or immaterial matter therein, but it must deny its deficiency as a whole.

---

[1] [8 Reporter, 358, contains only a partial report.]

2. A plea which states that the defendant in an action of ejectment is the owner of a perpetual right-of-way over the premises in controversy, and that the owners thereof granted it the same, is a sufficient statement of the nature and duration of such estate or interest in the premises.

[Ejectment. The company, as a special defense, pleaded a perpetual right of way over the premises in question for its railway, granted by the owners thereof. Demurrer to plea, omitting, however, the allegations in the plea as to the former ownership and the grant to the company by such owners.] [2]

J. H. Woodward, for plaintiff.
Joseph N. Dolph, for defendant.

DEADY, District Judge. This is an action to recover possession of lots one in blocks 6 and 10 in the Portland Homestead Association. The complaint alleges that the plaintiff is a citizen of the state of California, and the defendant a corporation duly organized under the laws of Oregon, and doing business therein as a railway company; that the plaintiff is the owner in fee simple of said premises, which are of the value of $2,000, and the defendant wrongfully withholds the possession of the same. The answer contains a general denial of the allegations of the complaint except the citizenship of the parties. It also contains a special defense to the effect that the road of the defendant is constructed over and operated upon a certain portion of said premises therein described, and amounting to 56-100 of an acre, of which it is in the possession; that in 1869, said premises were the property in fee simple of Philinder, the wife of James Terwilliger, and that said James, who is still living, was then in the possession of the same and had an estate therein for his own life; that said James was also the agent of his wife to manage said lots and receive from the defendant compensation for the right of way across the same, to construct and operate its railway thereon; that as said agent and for himself in the year aforesaid said Terwilliger received from the defendant the sum of $1,700 for timber taken by the defendant from the premises and other lands of said James and Philinder to aid in the construction of its railway, and in consideration thereof also agreed that the defendant should have a perpetual right of way over the premises for its railway, and for the consideration aforesaid then granted to the defendant such right of way and it is now the owner thereof; that the defendant relying upon said agreement built its railway over said premises, and has used the same ever since for the purpose of operating the same between Portland and St. Joseph; and that the interest of the plaintiff in the premises was acquired from said James and Philinder after 1869, and while the defendant was in the possession and use of the same for the purposes aforesaid.

2 [From 8 Reporter, 358.]

The plaintiff demurs to the special defense. The demurrer is not taken to the whole of this plea or defense, but omits the allegations concerning the ownership of the lots by the Terwilligers and the portion now in possession of the defendant, and also the allegation to the effect that for the consideration mentioned, said James Terwilliger "granted" to the defendant said right of way, and it is now the owner thereof. A demurrer does not lie to a part of a plea or defense, but it must controvert its sufficiency as a whole. Redundant and irrelevant allegations may be stricken out of a pleading on a motion, but they cannot be objected to by demurrer. By sections 771, 775 of the Oregon Civil Code, taken from the statute of frauds of 29 Car. II., it is declared that "no estate or interest in real property" other than a lease for a year can be created otherwise than by operation of law or a writing subscribed by the party creating the same and "executed with such formalities as are required by law;" and that "an agreement * * for the sale of real property or any interest therein" is void unless the same is in writing and subscribed by the party to be charged. An easement—as a right of way—is an interest in lands within the meaning of this provision and can only be created by writing: 1 Washb. Real Prop. 398; 3 Kent, Comm. 452. Upon the agreement it was assumed that it appeared from the defense that the defendant never acquired any easement or right of way over the premises for want of a conveyance of the same, and the question principally discussed was, that admitting this proposition, whether or not the transaction set forth in the plea amounted to a license to the defendant to enter and occupy the premises for the purpose of a railway track, and if it did, is the same revocable at the pleasure of the licensor. I have carefully investigated the subject, but upon an examination of the pleadings I find that as they now stand, the question does not arise upon the demurrer.

The defendant having alleged in its plea that it was the owner of the track or tract upon which its railway is constructed, and that it had a grant from the plaintiff's grantor of the same, I am of the opinion that there is sufficient in the plea to constitute a defense to the action, notwithstanding all the other allegations thereof may be immaterial. The Code (section 316) only requires the defendant to plead the nature and duration of its estate in the premises, or license or right to the possession thereof "with the certainty and particularity required in a complaint." Now, in a complaint, it was never necessary to state more than that the plaintiff was the owner of a legal estate or interest in the premises, and entitled to the possession thereof, and whether said estate or interest was created by operation of the law or writing was unnecessary to state. Lamb v. Starr [Case No. 8,021]. The defendant having alleged that the owners of the premises—the Terwilligers—granted it the perpetual right of way thereon before

making the conveyance under which the plaintiff claims, thereby asserts every fact which the law implies therefrom. Chit. Pl. 253. A grant can only be made by a deed, and the allegation of the existence of a grant necessarily implies a deed, as livery of seizin is implied in the use of the word "infeoffed." The defendant also alleges in terms that it is the owner of such right of way. In either case, it has sufficiently stated the nature and duration of its right to the possession of the premises, or so much thereof as it defends for. Witherel v. Wiberg [Case No. 17,917]. The demurrer is overruled.

---

LEWIS v. The ORPHEUS. See Case No. 18,-169.